IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AMBER M. CHAMPION                                                                                    PLAINTIFF

V.                                                                      CIVIL ACTION NO.: 1:20-CV-157-SA-DAS

WAL-MART STORES EAST LP #495                                                                     DEFENDANT

ORDER

    The Plaintiff, Amber Champion, filed her Complaint [1] on July 24, 2020 asserting claims of malicious prosecution and negligent infliction of mental distress under Mississippi law, and premising federal jurisdiction on the basis of diversity of citizenship. The diversity statute, 28 U.S.C. Section 1332, requires (1) complete diversity of citizenship between the parties; and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs.

    The Plaintiff plead in her Complaint [1] that she resides in Alabama but also stated that she is a citizen of "the United States of Mississippi." Additionally, the Plaintiff alleged that the Defendant, Wal-Mart Stores East, LP #495, is an Arkansas Limited Partnership licensed to do business in the State of Mississippi. The Fifth Circuit has held that when "jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotes omitted). However, in reviewing the pleading, the Court was unable to ascertain the citizenship of either party for jurisdictional purposes.

    First, while alleging the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship, the Defendant is an unincorporated business entity. The Supreme Court has held that the citizenship of an unincorporated entity, including master limited partnerships, is determined by the citizenship of each of its underlying

members, not by its state of organization and the state in which its principal place of business is located. *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L. Ed. 2d 157 (1990). The Plaintiff failed to allege any citizenships of the underlying members of Wal-Mart Stores East LP #495.

Second, the Plaintiff listed herself as a citizen of "the United States of Mississippi" only to plead that she resides in Alabama in the same sentence. "The citizenship of an individual is his or her domicile, i.e., where the individual resides and intends to remain." *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). The domicile of the Plaintiff is therefore not ascertainable from the pleading.

Although the issue of whether this Court has subject-matter jurisdiction has not yet been contested in this case, the Court nonetheless has "an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Thus, in order to prompt the Plaintiff to cure the deficiencies in her Complaint [1], this Court entered an Order to Show Cause [2] on July 29, 2020. The Plaintiff was ordered to submit within 14 days: (1) a response sufficiently alleging her citizenship and the citizenship of Wal-Mart Stores East LP #495, including the identity of all its members and the state of citizenship of each member as of the date of the filing of the Complaint; and (2) a motion for leave, pursuant to 28 U.S.C. § 1653, to amend the jurisdictional allegations of the Complaint to adequately allege diversity jurisdiction.

A substantial period of time has passed since the deadline set forth in the Order [2] and the Plaintiff has failed to comply with the terms set forth therein. Therefore, all claims set forth in the Plaintiff's Complaint [1] are hereby DISMISSED *without prejudice*. This CASE is CLOSED.

SO ORDERED this, the 23rd day of October, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE